## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO ROJAS LARA,** | : | |
| *Petitioner,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-3183** |
| | : | |
| **J.L. JAMISON et al.,** | : | |
| *Respondents.* | : | |
| | : | |

**Scott, J.**                                                      **May 18, 2026**

### MEMORANDUM

Petitioner Antonio Rojas Lara filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking immediate release. ECF No. 1 at 14 [hereinafter Pet.]. Rojas Lara alleges that his detention by the United States Immigration and Customs Enforcement ("ICE") violates his Due Process rights and the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act. *Id.* at 12–14.

Rojas Lara is a noncitizen from Mexico. Pet. ¶ 51. He entered the United States approximately twenty-four years ago. *Id.* On May 7, 2026, ICE took him into custody at the Federal Detention Center in Philadelphia during a routine check-in. *Id.* ¶ 52.

On the Government's view, Rojas Lara is detained pursuant to 8 U.S.C. § 1225(b)(2), which states that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." *See also* ECF No. 4 at 5–7 [hereinafter Government's Resp.]. Rojas Lara disagrees with the Government, instead arguing that that the relevant statutory framework is that of § 1226(a). Pet. ¶¶ 40–43.

1

The Government argues, unconvincingly, that Rojas Lara is detained under § 1225(a)(1) and § 1225(b)(2) because he is, on the Government's view, an "applicant for admission." Government's Resp. at 5–6. As the Government acknowledges throughout its briefing, "the law is piled sky high against" it on this issue. *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (also collecting cases); *see also* Government's Resp. at 3, 7 (noting that "all courts in this district (and many more elsewhere) have reasoned that § 1225(b)(2)(A)" does not apply). Moreover, Rojas Lara has been in the United States for approximately twenty-four years, which strains credulity to consider him an "arriving alien" as the Government insists. *See, e.g.*, *Bhatia v. O'Neill*, 2025 WL 3530075, at *2 (E.D. Pa. Dec. 9, 2025) ("The unambiguous plain meaning of an 'applicant for admission' who is 'seeking admission' is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States."). Accordingly, the Court rejects the Government's argument that § 1225 applies here.

For the same reasons given in *Kashranov v. Jamison* and *Demirel v. Fed. Det. Ctr. Philadelphia*, this Court holds that Rojas Lara's detention violates the INA. 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *see also Ndiaye v. Jamison*, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Cantu-Cortes v. O'Neill*, 2025 W 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia*, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025).

This Court therefore grants Rojas Lara's request for immediate release, given that his detention under 8 U.S.C. § 1225(b)(2) violates the INA and a bond hearing is unnecessary because nothing in the record suggests that Rojas Lara is a harm to the community or a flight risk. Moreover, ICE is enjoined from detaining Rojas Lara under 8 U.S.C. § 1226(a) for seven days following his release.